```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MING CHENG WANG                               CIVIL ACTION

VERSUS                                        NO: 06-5456

AUDUBON INSURANCE COMPANY                     SECTION: "R"(5)
```

**ORDER**

Before the Court is defendant Audubon Insurance Company's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff has not opposed the motion.

Plaintiff sued Audubon, his flood policy insurer, on August 29, 2006. (R. Doc. 1). Plaintiff's property was damaged by flood waters as a result of Hurricane Katrina. Plaintiff alleges that Audubon has not paid him for all of the damages he sustained. Plaintiff seeks damages, attorneys' fees, costs, and penalties pursuant to Louisiana Rev. Statutes §§ 22:658 and 22:1220.

On January 14, 2008, defendant filed a motion for summary judgment. (R. Doc. 25). Defendant contends that plaintiff's breach of contract claim is barred because plaintiff did not comply with conditions precedent set forth in his Standard Flood

Insurance Policy ("SFIP") prior to filing suit.  Specifically, plaintiff failed to comply with Article VII(J)(3), which requires that plaintiffs provide documentation of the loss, and Article VII (J)(4), which requires plaintiffs to timely submit a signed and sworn proof of loss.  Defendant asserts that plaintiff's claims are therefore barred pursuant to Article VII(R) of the SFIP. *See, e.g., Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998) (provisions of the SFIP must be strictly construed and enforced); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) ("it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy"); *Lafon v. State Farm Fire and Cas. Co.*, 1999 WL 511400, *2 (E.D. La. 1999) (holding that an insured's failure to provide a complete, sworn proof of loss statement as required by the flood insurance policy relieves the federal insurer's obligation to pay what otherwise might be a valid claim).

Defendant further contends that as a holder of a standard flood insurance policy, plaintiff cannot assert extra-contractual state law based claims because such claims are barred and preempted by federal constitutional, statutory, and regulatory law. *See, e.g., Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007) (holding that the National Flood Insurance Act does not expressly authorize policy-holders to bring extra-contractual

claims against their WYO insurers and that there is no evidence of Congressional intent to allow policy-holders to file extra-contractual claims under the Act).

The Court has reviewed defendant's motion.  Finding that it has merit, the Court hereby GRANTS defendant's motion for summary judgment.  Plaintiffs' lawsuit is dismissed with prejudice.

New Orleans, Louisiana, this <u>14th</u> day of February, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE